IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 19, 2020 Session

## HEATHER R WILDER v. JOSEPH C WILDER

**Appeal from the Circuit Court for Knox County**
**No. 108931   Gregory S. McMillan, Judge**

_____

### No. E2019-00635-COA-R3-CV

_____

This appeal involves questions of post-divorce child support. In the trial court proceedings, both parties prayed for a modification of support. Additionally, mother pursued an extension of support post-majority for two of her children. While the trial court dealt with the question of post-majority support, it did not address the parties' requests for modification of the ordinary support owed, father for a decrease, or mother for an increase. Although the trial court addressed post-majority support issues, its order was incomplete even as to those matters, as a specific amount of support was never set. It follows that there is not a final judgment in this case, and we must therefore dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Charles Child and Sloane Davis, Knoxville, Tennessee, for the appellant, Heather Russell Wilder.

C. Scott Taylor and Margo J. Maxwell, Knoxville, Tennessee, for the appellee, Joseph Chamblee Wilder.

## OPINION

## BACKGROUND AND PROCEDURAL HISTORY

The parties in this case, Heather Wilder ("Mother") and Joseph Wilder ("Father"), were divorced in 2010. Later, pursuant to an order entered in 2014, Father's child support obligation was set at $1,624.00 per month. Although the 2014 order was ultimately upheld by this Court in a 2015 appeal, *see Wilder v. Wilder*, No. E2014-02227-

COA-R3-CV, 2015 WL 5178433 (Tenn. Ct. App. Sept. 4, 2015), further litigation was soon initiated.

In February 2016, Father filed his "Petition to Modify Child Support." Therein, Father claimed that his income was substantially less than the amount set under the 2014 order, which, according to Father, justified a modification reducing his child support. Mother soon countered with her own request for modification. In her "Answer to Petition to Modify Child Support & Counter-Petition for Relief," filed March 11, 2016, Mother submitted that there was no basis for a reduction in support. Rather, she contended that child support should be increased. In her prayer for relief, Mother requested that the trial court "find that there has been significant variance as it relates to the level of child support since April, 2014, and that the child support be modified in accordance with the Tennessee Child Support Guidelines based on present circumstances." As noted below, however, Mother's pleading was broader than this particular question.

At the time of her filing, Mother averred that the parties' oldest child was a senior in high school and a "special needs" child. She alleged that this child had been diagnosed with a permanent mild traumatic brain injury and was unable to drive as a result of his disability. Accordingly, Mother requested that child support be extended "following his majority." Mother would later file an amended counter-petition in December 2017 alleging that the parties' two other children were also disabled and should receive post-majority support, but Mother ultimately nonsuited the "disabled claim" as to the youngest child. The December 2017 amended petition also contended that child support should be increased on account of extraordinary educational expenses and uncovered medical expenses. Prior to a hearing on these matters, in April 2018, the trial court entered an order stating that it was going to "temporarily" modify child support, whereby it removed the oldest child from the attached child support worksheet in making its calculation due to the oldest child reaching his majority. Child support was temporarily reduced to $1454.00 per month from $1624.00.

A hearing eventually occurred over two dates in February 2019, and the following month, on March 11, 2019, the trial court entered an order which began as follows: "This cause came on to be heard upon the parties' competing requests to modify child support for the parties' *two older children*." (emphasis added) The order then proceeded to find that both of the parties' oldest children were disabled as defined by the Americans with Disabilities Act and stated that child support for these children would continue "beyond their minority and until each reaches twenty-one (21) years of age." *See* Tenn. Code Ann. § 36-5-101(k)(1) ("[T]he court may continue child support beyond a child's minority for the benefit of a child who is handicapped or disabled, as defined by the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), until such child reaches twenty-one (21) years of age."). Although the court held that "the amount of support provided by the child support guidelines is appropriate and shall be the amount that is

sufficient to meet the needs [of the oldest children] after majority," this amount was not specified, nor was a child support worksheet attached to the trial court's order. Moreover, there was no indication in the trial court's order whether or not ordinary child support obligations, independent of the post-majority support issue, were considered. Following the entry of the order, an appeal was filed with this Court.

## DISCUSSION

Both Mother and Father have raised several issues for our consideration. Father, for instance, challenges the trial court's determination that the two oldest children are disabled. Having reviewed the record transmitted to us on appeal, however, we are unable to review the substance of the parties' issues on appeal.[1] Under the rules of appellate procedure, we are required to initially consider whether we have jurisdiction over the subject matter of the case, regardless of whether or not this issue is specifically presented for review. *See* Tenn. R. App. P. 13(b). Typically, appellate courts have jurisdiction over final judgments only. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Rule 3 of the Tennessee Rules of Appellate Procedure provides that:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

Here, it is clear to us that the trial court did not adjudicate all issues raised in this case. Initially, we note that the court's own comments at trial reflected that certain issues relevant to a child support calculation would be addressed at a later date. As it stated:

> If there are ongoing medical bills and medication expenses, why haven't – I had a hearing already and found out that every thirty days, these kids need $300 worth of brand name medicine so I can order that as part of his

---

[1] Mother's brief contains certain arguments that overlap with some of our concerns herein about the lack of a final judgment. To the extent we address any of those arguments (which are not specifically brought up by Mother in support of a jurisdictional concern), and Father's responses thereto, it is in reference to the jurisdictional issue this record actually presents us.

ongoing child support obligation and make it happen.

You know, I'm here to try these cases and I'm here to do this stuff, but it is apparent that no one is ready for me to address this issue today, so I'll just have to reserve it[.]

As it is, the order appealed from does not in any way address the issue of whether there was a significant variance so as to justify a modification of the ordinary child support owed. In his brief, Father submits that the trial court was not required to apply the significant variance standard inasmuch as post-majority support was involved. In relevant part, he argues as follows:

[T]he Trial Court is not required to apply the child support guidelines to determine post-majority child support under Tenn. Code Ann. § 36-5-101(k)(3), which plainly provides that the application of the child support guidelines is discretionary when a court establishes post-majority support on the basis of disability.

Respectfully, this argument misses the point and underscores the narrow scope of the order entered by the trial court. No doubt, when continuing child support beyond a child's minority, a court is not bound by but "may use" the guidelines to set support.[2] Tenn. Code Ann. § 36-5-101(k)(3). Of course, this case was about more than simply post-majority support. As we have noted, both parties wanted a modification of the ordinary support owed, and that question, by default, should have been addressed pursuant to the significant variance standard. *See* Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(a) ("Unless a significant variance exists . . . a child support order is not eligible for modification[.]"). As is relevant here, this would implicate the following criteria:

For all orders that were established or modified January 18, 2005 or after, under the income shares guidelines, a significant variance is defined as at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order or, if the tribunal determines that the Adjusted Gross Income of the parent seeking modification qualifies that parent as a low-income provider, at least a seven and one-half percent (7.5% or 0.075) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order.

Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(c).

---

[2] Incidentally, in purporting to set post-majority support for the two oldest children, the trial court claimed to bind itself to setting an amount based upon the guidelines.

- 4 -

The trial court failed to engage in any such calculation and, insofar as we are able to discern, only dealt with the question of post-majority support. Indeed, the youngest child, whose existence is unquestionably relevant to whether a modification in ordinary support was proper, is ignored under the scope of the trial court's order. This limited nature of the entered order is apparent from its opening line, which as we have already pointed out, reads as follows: "This cause came on to be heard upon the parties' competing requests to modify child support for the parties' two older children." The narrow scope of the order is certainly consistent with the court's remarks at trial that certain issues were going to be reserved, but inasmuch as the requests for a modification of ordinary support were not clearly addressed or considered vis-à-vis the significant variance standard, there is an absence of a final judgment. The trial court must in our view, independent of the post-majority support issue, consider whether either party was entitled to a child support modification pursuant to the guidelines. In light of the absence of a final judgment, we are compelled to dismiss this appeal. Whether either party is entitled to a modification of support is a separate inquiry than whether an extension of support should be awarded on account of a child's disability.

As a technical matter, a final judgment would be absent even if the only issue injected into the case by the parties had centered on the question of post-majority support. Indeed, although the trial court's order purports to award post-majority support for the two oldest children, it fails to specify the amount of support owed, merely stating that "the amount of support provided by the child support guidelines is appropriate." No worksheet is attached, and it is unclear what amount the trial court intended to award on this issue. Perhaps not unsurprisingly given this lack of completeness and clarity, both parties' briefs reach differing conclusions regarding the amount supposedly awarded by the trial court for post-majority support. No doubt, there is more for the trial court to do, even on this limited issue.

In summary, there is an absence of a final judgment due to the unresolved issues identified herein. *See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (noting that a final judgment resolves all issues in the case and leaves nothing else for the court to do). On remand, the trial court must first, independent of the post-majority support issue, address the respective requests for a modification of the ordinary support owed and, if a significant variance exists, determine what the guideline child support amount should be. It should then also complete its consideration of the post-majority support issue, and, if it intends to award some post-majority amount as previously indicated, specify what that amount is. Finally, for the sake of finality, the trial court should also adjudicate requests for attorney's fees that we observe were made by both parties in their respective pleadings but that were also not addressed in the trial court's judgment.

## CONCLUSION

For the reasons stated within this opinion, this appeal is dismissed for lack of subject matter jurisdiction.

_____
ARNOLD B. GOLDIN, JUDGE